UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARILYN NANCE

    COMPLAINT
    JURY TRIAL DEMANDED

    Plaintiff

-Against-

CITY OF NEW YORK, and
NEW YORK CITY DEPARTMENT OF EDUCATION,

    Defendants
-----------------------------------------------------------------X

**ORIGINAL**

09 2786

VITALIANO, J.

POHORELSKY, M.J.

Plaintiff, MARILYN NANCE, by her attorneys, LAW OFFICES OF AMBROSE WOTORSON, alleges as follows:

I. **INTRODUCTION**

1. This is an action brought pursuant to 29 U.S.C. Section 621 et seq., to vindicate the civil rights of plaintiff. Plaintiff contends that defendants altered the terms, conditions, and privileges of her municipal employment because of her age, and because of her opposition to what she reasonably regarded as age discrimination.

II. **JURISDICTION**

2. This Court has jurisdiction over this action under 29 U.S.C. Section 621 et seq. Venue is proper, as the operative events occurred within this judicial district. Plaintiff files the instant action within 90 days of her receipt of a Right-to-Sue letter from the U.S. Equal Employment Opportunity Commission.

III. PARTIES

3. MARILYN NANCE (hereinafter, "plaintiff") who resides in Kings County, New York, hereby sues in on his own behalf. She is African-American and was born on November 12, 1953. She is fifty-five (55) years old.

4. THE CIT OF NEW YORK AND THE NEW YORK CITY DEPARTMENT OF EDUCATION, (hereinafter, "municipal defendants") are state actors and are employers. Defendant may sue and be sued, and its principle place of business is in Kings County, New York and defendant's address is 65 Court Street, Brooklyn, New York 11201. At all relevant times, THE CITY OF NEW YORK and THE NEW YORK CITY DEPARTMENT OF EDUCATION employed plaintiff as a Teacher. THE CITY OF NEW YORK and THE NEW YORK CITY DEPARTMENT OF EDUCATION are herein being sued for having violated plaintiff's civil rights while acting under color of state law and/or acting pursuant to its own practices, customs and policies.

IV. FACTUAL AVERMENTS

8. Plaintiff has been employed by municipal defendants, CITY OF NEW YORK and NEW YORK CITY DEPARTMENT OF EDUCATION, for about ten (10) years.

10. Plaintiff's performance has been fully satisfactory at all relevant times.

11. However, the terms, conditions, and privileges of plaintiff's municipal employment have been adversely affected and her rights were violated in the following ways:

    a. Plaintiff was initially hired by municipal defendants as a teacher in or about October 1998.

    b. Plaintiff has taught and has held titles at various schools at the Department of Education, including but not limited to, Journalism Instructor,

2

Technology Staff Developer, Instructional Technology Specialist, Art Instructor and Digital Photography Instructor.

c. These are all teaching titles and plaintiff served as a teacher at all relevant times.

d. At all relevant times, plaintiff received satisfactory evaluations for her teaching.

e. On or about November 2007, plaintiff submitted overtime request forms to the Principal so that the principal would allow her to be compensated for overtime that she had performed.

f. However, the principal informed plaintiff that she would not be compensated for overtime.

g. On information and belief, similarly situated employees have in fact been compensated for performing overtime. Vicki Madden, who is approximately ten (10) years younger than plaintiff, in fact, regularly receives compensation for overtime work that she performs.

h. Plaintiff was excessed from the Brooklyn School for Collaborative Studies on February 13, 2008 and assigned as a substitute teacher ("ATR") in the same school where she suffered humiliation, anguish and was unable to teach in the field of her expertise.

i. Importantly, plaintiff was replaced by another teacher who is approximately ten years younger than plaintiff.

j. As well, another similarly-situated teacher who was ten (10) years younger than plaintiff and who had considerably less teaching experience

3

than plaintiff, was retained in the school from which the plaintiff was "excessed."

12. Moreover, plaintiff's rights with respect to being free of age discrimination and retaliation are clearly established, and reasonable persons employed by municipal defendants are aware of these rights, or have reasons to be so aware of these rights.

13. As a further proximate result of defendants' illegal acts towards plaintiff, plaintiff has suffered a loss of earnings, bonuses and other employment benefits.

14. As a further proximate result of defendants' illegal actions towards plaintiff, including, but limited to, sending her to the infamous "rubber room," plaintiff, has suffered impairment and damage to plaintiff's good name and reputation.

15. As a further proximate result of defendants' illegal actions towards plaintiff, including, but limited to, sending her to the infamous "rubber room," plaintiff has suffered mental anguish and emotional injury.

16. As a further proximate result of defendants' illegal actions towards plaintiff, plaintiff has been unable to ameliorate his employment situation.

17. The individual defendant's actions were done with reckless indifference to plaintiff's protected rights, entitling plaintiff to liquidated damages.

V. CAUSES OF ACTION

FIRST CAUSE OF ACTION

18. Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

19. By altering the terms, conditions and privileges of plaintiff's municipal employment on account of her age, defendants have violated 29 U.S.C. Section 621, et seq.

## SECOND CAUSE OF ACTION

20. Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

21. By altering the terms, conditions and privileges of plaintiff's municipal employment on account of her opposition to such behavior, which she reasonably believed to be age discrimination, defendants have violated 29 U.S.C. Section 621, et. seq.

### VI. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court grant to him judgment containing the Following relief:

a. An award of damages to be determined at the time of trial to compensate plaintiff for lost financial opportunities, mental anguish, humiliation and embarrassment.

b. An award of punitive damages to be determined at the time of trial as against the individual defendant;

c. An award of reasonable attorney fees and the costs of this action and,

d. Such other and further relief as this Court may deem just and proper.

Dated: Brooklyn, New York
June 30, 2009

Respectfully Submitted,
Law Offices of Ambrose Wotorson

By /s/
Ambrose W. Wotorson (AWW—2412)
26 Court Street, Suite 1811
Brooklyn, New York 11242
718-797-4861