UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
MARILYN NANCE,

         Plaintiff,

  -against-

CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF EDUCATION, and ALYCE
BARR,

         Defendants.
---------------------------------------------------------------- x

**MEMORANDUM & ORDER**

09-CV-2786 (ENV) (VVP)

**VITALIANO, D.J.**

  Plaintiff Marilyn Nance brings this action against defendants City of New York, the New York City Department of Education ("DOE"), and Alyce Barr, her former supervisor, under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq., and 42 U.S.C. § 1983. Nance alleges age discrimination as well as retaliation by defendants after she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Defendants move to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons stated below, the motion is granted.

**I. BACKGROUND**

  The following facts are drawn whenever possible from Nance's second amended complaint (hereinafter, "Compl."), and all reasonable inferences are construed in favor of plaintiff. See Gorman v. Consol. Edison Corp., 488 F.3d 586, 591-92 (2d Cir. 2008).

  DOE hired Nance as a teacher in 1998, at the Brooklyn School for Collaborative Studies ("BCS"), of which defendant Barr was the principal. The complaint does not state whether Barr herself hired Nance. Plaintiff worked at various times as a journalism instructor, technology

1

staff developer, instructional technology specialist, art instructor, and digital photography instructor, and she received satisfactory teaching evaluations at all relevant times. Starting in November 2007, Nance began requesting compensation for overtime, but Barr denied her requests. Nance contends that similarly situated employees — including one employee, Vicki Madden, who is alleged to be approximately ten years younger than Nance — regularly received compensation for overtime work performed.

On February 13, 2008, Nance, then age 54, was removed from full-time teaching duties at BCS and reassigned as a substitute teacher. She was replaced by a teacher who was approximately ten years younger than she was. At the same time, another teacher, also alleged to be ten years younger than Nance, and with less teaching experience, was retained as a full-time teacher at BCS. Nance additionally claims that other teachers were hired and given specific school and classroom assignments to teach in their chosen specialty areas, whereas she was not, despite having more experience and despite her diligent efforts to be reassigned to a regular full-time position. Nance further asserts that "a statistically significant portion of [substitute] teachers are older teachers, in part, because [DOE] now has a practice, policy and custom of relegating older teachers" to substitute status. (Compl. ¶ 8(m).)

On January 12, 2009, Nance filed an EEOC charge of discrimination. On March 31, 2009, the EEOC dismissed the charge as time-barred and advised Nance of her right to sue. Nance alleges that she was not reassigned to a regular full-time teaching post in retaliation for filing her EEOC charge. She commenced the instant action on June 30, 2009.

## II. STANDARD OF REVIEW

To avoid threshold dismissal pursuant to Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. Plaintiffs must provide more than a "formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. A court must presume the truth of all factual allegations in the complaint for purposes of Rule 12(b)(6), but the court is not bound to accept the truth of legal conclusions couched as factual allegations. Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 2944 (1986). Indeed, it is the factual allegations that are paramount, as "a complaint need not pin plaintiff's claim for relief to a precise legal theory," nor does it need to provide "an exposition of his legal argument." Skinner v. Switzer, 131 S. Ct. 1289, 1296 (2011). In analyzing well-pled facts, a court draw all reasonable inferences in favor of the plaintiff. See Gorman, 488 F.3d at 591-92.

Courts will also presume the truth of all facts alleged in the complaint, again drawing all reasonable inferences in favor of plaintiffs, for purposes of a Rule 12(b)(1) motion to dismiss based on lack of subject matter jurisdiction. Robinson v. Gov't of Malaysia, 269 F.3d 133, 140 (2d Cir. 2001). Ultimately, "[a] case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

III. DISCUSSION

A. Claims Against the City

As a preliminary matter, the City of New York must be dismissed because DOE is an entity separate from the City. See Perez v. City of New York, 41 A.D.3d 378, 379, 837

N.Y.S.2d 571 (1st Dep't 2007) (internal citations omitted); see also Fierro v. City of New York, 591 F. Supp. 2d 431, 446 (S.D.N.Y. 2008) ("Courts in this circuit as well as the New York State courts have made clear that the City of New York and the DOE are separate legal entities. . . . Because plaintiff alleges acts committed by the DOE and its employees, the City of New York is not a proper party."). Here, there is no dispute that Barr is an employee of DOE rather than the City. Nance does not claim that she was ever directly employed by the City or that the City took any action that affected the terms of her employment. In light of relevant case law, the City cannot be liable for the acts of DOE or its employees. Accordingly, all of plaintiff's claims against the City must be dismissed. See Chapman v. City of New York, No. 06-CV-3153, 2011 WL 1240001, at *4-5 (E.D.N.Y. Mar. 30, 2011).

### B. ADEA Claims

#### 1. Claims Against Barr

As Nance has conceded (Pl.'s Mem. 1), there is no individual liability under the ADEA. See Cherry v. Toussaint, 50 F. App'x 476, 477 (2d Cir. 2002). Accordingly, all ADEA claims against Barr are dismissed.

#### 2. Discrimination Claim Against DOE

Nance has also conceded (Pl.'s Mem. 1), correctly, that her claims of discrimination under ADEA, for acts occurring prior to March 18, 2008, are time-barred. See Tewksbury v. Ottaway Newspapers, Inc., 192 F.3d 322, 325 (2d Cir. 1999) (applying 300-day limitation period for filing of EEOC charge in New York, pursuant to 42 U.S.C. § 2000e-5(e)(1)). Nance's ADEA discrimination claims against DOE arising before March 18, 2008 — including the

November 30, 2007 denial of her overtime request and the February 13, 2008 determination that assigned her to a substitute teacher position — are therefore dismissed.[1]

### 3. Retaliation Claim Against DOE

What is left of plaintiff's ADEA claims are retaliation claims, which are reviewed under the same analytic rubric used for such claims under Title VII of the Civil Rights Act of 1964. Wanamaker v. Columbian Rope Co., 108 F.3d 462, 465 (2d Cir. 1997). It is unlawful for an employer to retaliate against an employee for filing an EEOC charge. See 42 U.S.C. § 2000e-3(a). To assert a claim for retaliation, a plaintiff must allege that "(1) the employee was engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered an adverse employment action; and (4) there was a causal connection between the protected activity and the adverse employment action." Gregory v. Daly, 243 F.3d 687, 700 (2d Cir. 2001) (quoting Reed v. A.W. Lawrence & Co., 95 F.3d 1170, 1178 (2d Cir. 1996)). Nance asserts that she was engaged in the protected activity of filing her EEOC charge and that defendants were aware of that activity. Nance further alleges that she was not reassigned to a regular full-time teaching post, despite superior qualifications, because of her EEOC charge. These assertions fall well short of pleading a claim of retaliation capable of surviving dismissal on a Rule 12 motion. An "adverse employment action" means a "materially adverse change in the terms and conditions of employment." Torres v. Pisano, 116 F.3d 625, 640 (2d Cir. 1997) (quoting McKenney v. New York City Off-Track Betting Corp., 903 F. Supp. 619, 623 (S.D.N.Y. 1995)). Here, there were no changes in the terms or conditions of Nance's employment in temporal proximity with her EEOC charge. She had been reassigned to substitute duty 11 months before

---

[1] These claims were also brought against the City and, had the City been a proper party, they would be dismissed as to the City for the same reasons.

5

her EEOC charge, and she alleges no further diminution in her employment status occurring after the charge was submitted. Nance's retaliation claim is therefore meritless.

Further, even if Nance could plead a plausible claim of retaliation, the claim must still be dismissed for lack of jurisdiction because Nance's EEOC charge was not timely filed. A district court only has jurisdiction over retaliation claims that are "reasonably related" to timely EEOC charges. See Butts v. City of New York Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1401 (2d Cir. 1993), superseded in part by statute, 42 U.S.C. § 1981(b), as recognized in Hawkins v. 1115 Legal Service Care, 163 F.3d 684, 693 (2d Cir. 1998); Hansen v. Danish Tourist Bd., 147 F. Supp. 2d 142, 151 (E.D.N.Y. 2001). Thus, since Nance's EEOC charge was not timely filed, this Court lacks jurisdiction, and the ADEA retaliation claim must be dismissed.

### C. Section 1983 Claims

#### 1. Monell Claim Against DOE

In order for municipal entities to be held liable under 42 U.S.C. § 1983, plaintiff must demonstrate that she was deprived of a constitutional right through an official "policy," "practice," or "custom." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-95, 98 S. Ct. 2018, 2035-38 (1978). A single incident of such activity is not enough to demonstrate the existence of a custom or policy. City of Oklahoma v. Tuttle, 471 U.S. 808, 821, 105 S. Ct. 2427, 2435 (1985). Moreover, "the mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." Anilao v. Spota, No. 10-CV-32, 2011 WL 1226966, at *27 (E.D.N.Y. Mar. 31, 2011) (quoting Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995)). The municipal entity itself must commit the wrong in order to be liable, as a "a municipality cannot be held

liable under § 1983 on a *respondeat superior* theory." Monell, 436 U.S. at 691. 98 S. Ct. at 2036.

Here, Barr's actions, standing alone, cannot form the basis of a Monell claim, both because they fail to evince a municipal custom or policy and because DOE cannot be held liable for Barr's actions under the doctrine of *respondeat superior*. Thus, Nance's only support for her Monell claim is her bare assertion that "a statistically significant portion of [substitute] teachers are older teachers, in part, because defendant now has a practice, policy and custom of relegating older teachers to [substitute status]." (Compl. ¶ 8(m).) Nance trots out the magic words from Monell — "practice, policy, and custom" — without providing a shred of factual support for her claim aside from a general allusion to "statistic[s]." This is precisely the sort of legal conclusion couched as a factual allegation, Papasan, 478 U.S. at 286, 106 S. Ct. at 2944, relying on a "formulaic recitation of the elements of a cause of action," Twombly, 550 U.S. at 555, 127 S. Ct. at 1965, which the Supreme Court has deemed insufficient to pass muster under Rule 12. Nance fails to provide any actual facts to support her claim, and it is accordingly dismissed.[2]

2. Individual Claim Against Barr

Nance's claim against Barr in her individual capacity[3] fares no better. Equal protection claims for age discrimination under § 1983 are analyzed following the same standards as claims made pursuant to ADEA. See, e.g., Shapiro v. New York City Dept. of Educ., 561 F. Supp. 2d 413, 422 n.2 (S.D.N.Y. 2008). There are four elements of a claim for age discrimination:

---

[2] Again, Nance's parallel claim against the City would be dismissed for the same reasons, were the City a proper party.

[3] To the extent that Nance is suing Barr in her official capacity, that claim is duplicative of her claims against the City and DOE. See, e.g., Carmody v. Vill. of Rockville Centre, 661 F. Supp. 2d 299, 329 (E.D.N.Y. 2009). Accordingly, any such claim is also dismissed.

7

plaintiff must allege she was (1) within the protected age group, (2) qualified for the position, and (3) suffered an adverse employment action, (4) under circumstances giving rise to an inference of age discrimination. Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 107 (2d Cir. 2010); Holmes v. Air Line Pilots Ass'n, Int'l, 745 F. Supp. 2d 176, 195 (E.D.N.Y. 2010). The first three requirements are clearly met, as Nance was over 40 at all relevant times in this case, amassed an extensive record of teaching experience, and was demoted from her position as a regular full-time teacher. However, regarding the fourth requirement, the facts alleged by Nance do not give rise to a plausible inference of age discrimination. Stripped down to its essence, the complaint alleges merely that Nance's replacement and two other teachers at BCS were about ten years younger than Nance and received better treatment than she did. Yet an allegation that plaintiff was replaced by a younger employee is not sufficient, without more, to survive a motion to dismiss. See, e.g., Zucker v. Five Towns College, No. 09-CV-4884, 2010 WL 3310698, at *2 (E.D.N.Y. Aug. 18, 2010); Foster v. Human Soc. Of Rochester and Monroe Cnty., Inc., 724 F. Supp. 2d 382, 391 (W.D.N.Y. 2010); Liburd v. Bronx Lebanon Hosp. Ctr., No. 07-CV-11316, 2008 WL 3861352, at *6 (E.D.N.Y. Aug. 19, 2008).

Further, inferences of age discrimination are substantially weakened if plaintiff was already in the protected class when hired. See, e.g., Baguer v. Spanish Broad. Sys., No. 04-CV-8393, 2010 U.S. Dist. LEXIS 69212, at *41-42 (S.D.N.Y. July 12, 2010); Kaplan v. Beth Israel Med. Ctr., No. 07-CV-8842, 2010 U.S. Dist. LEXIS 32200, at *16 (S.D.N.Y. Mar. 31, 2010); O'Connor v. Viacom Inc./Viacom Int'l Inc., No. 93-CV-2399, 1996 U.S. Dist. LEXIS 5289, at *21 (S.D.N.Y. Apr. 23, 1996) (citing Stanojev v. Ebasco Servs., Inc., 643 F.2d 914, 921 (2d Cir. 1981)). As a result, even if the replacement of Nance by a younger worker supported, per se, an inference of age discrimination, that inference is significantly undermined by the fact that Nance

was already over 40 when she was hired in the first place. If Barr was truly motivated by animus against older teachers, as Nance alleges, hiring teachers who are already over 40 (including not only Nance but her comparators) is certainly an odd way to carry out that forbidden agenda. In the end, Nance's allegations are far too flimsy to pass the test of plausibility, and her § 1983 claim against Barr is dismissed.

## IV. CONCLUSION

For all the foregoing reasons, defendants' motion is granted, and the complaint is dismissed with prejudice.

The Clerk of Court is directed to enter judgment and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
       July 14, 2011

                                                          s/ENV
                                          ERIC N. VITALIANO
                                          United States District Judge